IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No: 3:20-cv-00459

| | |
|---|---|
| PHILIP BENHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CONSENT ORDER ON PORTION OF** |
| vs. | ) **PLAINTIFF'S MOTION FOR** |
| | ) **PRELIMINARY INJUNCTION** |
| CITY OF CHARLOTTE, | ) |
| NORTH CAROLINA, and JEFFREY J. | ) |
| JOSEPH, individually and in his official | ) |
| capacity as police officer with Charlotte- | ) |
| Mecklenburg Police Department, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Philip Benham ("Benham") filed a Motion for Preliminary Injunction seeking relief regarding § 15-61 of the City of Charlotte's Code of Ordinances. Section 15-61 prohibits the production of amplified sound within 150-foot buffer zones that the ordinance creates around certain types of development, including "health care facilities" as that term is defined in the ordinance. Benham challenges this ordinance's validity on its face and with various ways the City has allegedly applied the ordinance.

Benham claims he is entitled to preliminary injunctive relief enjoining § 15-61 due to alleged ongoing violation of his rights to free speech and due process in five (5) respects: (1) enforcing 150-foot buffer zones to ban amplified speech around the types of developments listed in the ordinance, including "health care facilities" as defined in the ordinance, (2) construing the definition of "amplified sound" in subsection (c) of § 15-61 to not require "bullhorn,

1

megaphone, loudspeaker" produce "unreasonably loud or raucous sound" to prohibit the use of said devices within a 150-foot buffer zone, (3) applying "to produce amplified sound" under the ordinance to include use of non-electronic plastic cheer cones and rolled up folders, (4) interpreting the ordinance's prohibition on amplified sound to not include private property within the 150-foot buffer, and (5) interpreting "health care facilities" to include the building with the address of 3228 Latrobe Drive.

The City disputes the first two contentions. The Court will subsequently rule on Benham's Motion for Preliminary Injunction regarding these first two contentions. However, for purposes of a preliminary injunction, the City does not contest the remaining three contentions and can agree to this Consent Order on those remaining contentions.

Neither Benham nor the City is making any admission, concession, or stipulation about the merits of any of Benham's claims, nor is either of them waiving any claim, defense, or argument. In accordance with the parties' agreement, no party may invoke this Consent Order as a basis for seeking an award of attorneys' fees or costs.

In accordance with the parties' consent, it is hereby ORDERED that, while this Consent Order is in effect, the City shall interpret and apply § 15-61 as follows:

1. Under § 15-61, the prohibition against producing amplified sound within a health care facility's 150-foot buffer applies to privately owned property, including property owned by the health care facility, as well as to publicly owned property;

2. "To produce amplified sound" within 150 feet of a "health care facility," or other listed developments, as those terms are used in § 15-61, does not prohibit a person from speaking through the use of non-electronic plastic or paper cones or manilla folders; and

3. "Health care facility," as that term is used in §15-61(b)(3), does not include the building with the address of 3228 Latrobe Drive.

This Order does not resolve Benham's Motion for Preliminary Injunction as it concerns his first two contentions: (1) enforcing 150-foot buffer zones banning amplified speech around the types of developments listed in the ordinance, including "health care facilities" as defined in the ordinance, and (2) construing the definition of "amplified sound" in subsection (c) of § 15-61 to not require "bullhorn, megaphone, loudspeaker" produce "unreasonably loud or raucous sound" to prohibit said devices within 150-foot buffer zone.

This Consent Order will remain in effect until it is dissolved or modified by this Court or until this action is dismissed.

IT IS SO ORDERED.

Signed: February 12, 2021

Graham C. Mullen
United States District Judge

WE HEREBY CONSENT TO ENTRY OF THE ABOVE ORDER:

Respectfully submitted,

| | |
|---|---|
| /s/ David G. Redding<br>David G. Redding<br>North Carolina Bar No. 24476<br>Tyler A. Rhoades<br>North Carolina Bar No. 52524<br>REDDING JONES, PLLC<br>2907 Providence Road, Suite 303<br>Charlotte, North Carolina 28211<br>Tel. & Fax: (704) 900-2215<br>Email: dredding@reddingjones.com<br>Email: trhoades@reddingjones.com<br><br>Attorneys for Plaintiff | /s/ Nathan W. Kellum<br>Nathan W. Kellum*<br>TN BAR #13482; MS BAR # 8813<br>Center For Religious Expression<br>699 Oakleaf Office Lane, Suite 107<br>Memphis, TN 38117<br>Telephone: (901) 684-5485<br>Facsimile: (901) 684-5499<br>Email: nkellum@crelaw.org<br><br>Attorney for Plaintiff<br>*Admitted *pro hac vice* |

/s/ Benjamin Sullivan
Senior Assistant City Attorney
N.C. Bar #33508
CMGC – 7th Floor
600 E. Fourth Street
Charlotte, North Carolina 28202
PH: 704.432.1271
FAX: 704.632.8579
Benjamin.sullivan@charlottenc.gov
Counsel for Defendants
City of Charlotte and
Jeffrey J. Joseph

4

Case 3:20-cv-00459-GCM   Document 26   Filed 02/12/21   Page 4 of 4