IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No: 3:20-cv-00459

PHILIP BENHAM, )
)
    Plaintiff, )
)
vs. ) ORDER
)
CITY OF CHARLOTTE, )
NORTH CAROLINA, and JEFFREY J. )
JOSEPH, individually and in his official )
capacity as police officer with Charlotte- )
Mecklenburg Police Department, )
)
    Defendants. )
_____ )

This matter is before the Court upon Plaintiff's Motion to Compel. The Defendant City has filed a Response in opposition. Plaintiff has failed to file a Reply and the time for doing so has expired. Therefore, this motion is ripe for disposition.

Mr. Benham seeks to compel the City to produce Major Andrew Kornberg for a second deposition to answer questions he previously refused to answer, citing attorney-client privilege. The questions concerned communications during a meeting Kornberg had with the City Attorney's Office regarding guidance on how to apply the Buffer Provision at issue in the case.

The burden is on the City to demonstrate attorney-client privilege and it must show: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for

1

the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 501–02 (4th Cir. 2011) (citations and quotation marks omitted).

Benham first argues that Major Kornberg is not a "client"; the City is the client. However, the City correctly points out that where, as here, an organization is a client, the privilege covers communications between attorneys and all agents or employees of the organization "who are authorized to act or speak for the organization in relation to the subject matter of the communication." *Rein v. U.S. Patent and Trademark Office*, 553 F.3d 353, 376 (4th Cir. 2009). The subject of the communications, the Buffer Provision, was part of Major Kornberg's job responsibilities and a subject on which he had authority to act as a CMPD officer. He is empowered to enforce City ordinances. Moreover, he trains and advises other officers about the Buffer Provision.

Benham next argues that Major Kornberg did not seek legal advice, rather, the City Attorney's Office initiated the conversation with him. Moreover, the communication was not legal advice, but a directive telling Kornberg how to apply the ordinance. The City contends that Benham's questions made it clear that Kornberg was being asked what advice the City attorneys had given him about interpreting the Buffer Provision. The Court agrees with the City that communications from one's attorney concerning how a law should be interpreted and applied are clearly attorney-client communications.

Last, Benham argues that the communications at issue were not confidential, and therefore the privilege is waived. However, an organization's attorney-client privilege generally

2

cannot be waived by individual employees. "[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348–49 (1985). As a result, "a corporate employee cannot waive the corporation's privilege." *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996), *cert. denied*, 520 U.S. 1167 (1997). Benham has cited nothing to suggest that Major Kornberg had authority to waive the City's attorney-client privilege.

The City contends that the communication was confidential because the discussion only involved Kornberg and two other CMPD officers. Moreover, disclosing the consequences of a privileged communication is different from disclosing the actual communication. The Court is persuaded that the City has sufficiently met its burden to establish attorney-client privilege. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is hereby DENIED.

Signed: June 29, 2022

Graham C. Mullen
United States District Judge

3

Case 3:20-cv-00459-GCM   Document 67   Filed 06/29/22   Page 3 of 3