IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV459

| | |
|---|---|
| PHILIP BENHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHARLOTTE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | ORDER |
| _____) | |

This matter is before the Court upon Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents. (Doc. No. 74). Defendant has filed a Response in opposition. Plaintiff has not filed a Reply and the time for doing so has expired. Accordingly, this matter is ripe for disposition.

The only remaining claims in this case are Plaintiff's as-applied claims concerning the ordinance at issue. Plaintiff contends that Defendant routinely permits the production of loud and disturbing noise near health care facilities when that noise is produced by pro-abortion activists, while at the same time prohibiting even modest amplified sound and unamplified sound that is not loud and disturbing when produced by Benham and other pro-life activists. Plaintiff seeks to compel Defendant City to produce documents responsive to his Request for Production of Documents nos. 2, 3, 4, 5, 6, 7, 8 and 14, and to answer Interrogatories nos. 3 and 4, as narrowed by Plaintiff.

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Rule 26 does not define relevancy, but it has been "broadly construed to encompass *any possibility* that the information sought may be relevant to the claim or defense of any party." *Revak v. Miller*, 7:18-CV-206, 2020 WL 1164920, at *2 (E.D.N.C. Mar. 9, 2020) (emphasis added). To assess whether a discovery request is proportional, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff's Request for Production No. 2 seeks "Any documents, including emails, referring or relating to interpretation or enforcement of Charlotte ordinance § 15-61." (Doc. No. 74-1, p.2). Defendant objects, arguing that the request is, *inter alia*, unduly burdensome and overbroad. The Court agrees. The ordinance applies city-wide and has been in place for a number of decades. While Plaintiff agreed to narrow the scope of the Request to include only documents relating to interpretation or enforcement of the ordinance "outside of an abortion clinic," (Doc. No. 74-2) the request is still overbroad, as it does not limit itself in time or to the ordinance as amended. Should the Plaintiff agree to limit its request as indicated and also temporally to include only those documents referring or relating to the interpretation or enforcement of the ordinance as amended in 2019, the Court would grant the motion. However, the Court will not compel production to Request No. 2 as originally served.

Requests 3-5 are similar in that they each request documents relating to the adoption of the ordinance at issue. The Courts finds these requests to not only be unduly burdensome but

2

also irrelevant. The Court has dismissed Plaintiff's facial challenges to the ordinance and all that remains are his as-applied challenges. Consequently, information concerning the ordinance's adoption, including documents referencing the reasons for its adoption have no relevance to the narrow issues remaining herein.

Request No. 6 seeks "any documents Defendant referred to or referenced in formulating responses to Plaintiff's First Set of Interrogatories." (Doc. No. 74-1, p. 5). Defendant objects on grounds of the work product doctrine, arguing that because the City Attorney prepared the responses the documents referenced or referred to are protected as work product. Defendant's objection is without merit. Interrogatories are to be answered by the party to whom they are directed, or an officer or agent of that party if the party is a governmental agency. Fed. R. Civ. P. 33(b)(1). Defendant may not shield the documents sought by claiming work product because it chose to assign counsel to answer the interrogatories. Should the Defendant have specific documents that it contends contain the work product of its attorney, it may identify those documents and submit them to the Court for *in camera* review. Plaintiff's Motion to Compel is otherwise granted as to Request No. 6.

In his Request No. 7, Plaintiff seeks "any documents (including emails and meeting minutes) mentioning or describing the need to deal with speakers outside abortion clinics in Charlotte in two years preceding the passage of Charlotte ordinance §15-61." (Doc. No. 74-1, p. 5). As is the case with Requests 3-5, this request is not relevant to the remaining issues in the case. Moreover, even if it was relevant, the Court finds the request to be unduly burdensome.

Request No. 8 seeks "any documents mentioning Phillip Benham that have been exchanged between agencies or individuals working for Defendant or between any of Defendant (sic) and Plaintiff." (Doc. No. 74-1, p. 7). Defendant objects to the request as overbroad and

3

unduly burdensome. The Court agrees. As noted by the City, Mr. Benham has had many contacts with City officials and employees over a number of years that have nothing to do with the as-applied claims remaining. Even limited to the last two years, as agreed by the Plaintiff, the request is overbroad.

Plaintiff's Request No. 14 asks for "any citations for violations of § 15-61." (Doc. No. 74-1, p. 8). As framed, this request has no time limitation and is not narrowly tailored to the remaining claims in this case. Plaintiff has agreed to narrow the request to copies of citations for violation of the ordinance outside abortion clinics within the past two years. As narrowed, the Court will compel Defendant to respond to this request.

Moving on to Plaintiff's Interrogatories, No. 3 seeks to have Defendant "identify any person issued a criminal citation and/or arrested for violating Charlotte ordinance § 15-61(b) since June 2019, giving basis for the citation and/or arrest, official charge, plea, and ultimate result of the action." (Doc. No. 79-2, pp. 2-3). This Interrogatory seeks similar information as that sought in Request No. 14. The City objects on the grounds that the interrogatory is overbroad and unduly burdensome. The Court agrees to the extent that it seeks information as to the disposition of any such citation and/or arrest. As the City noted in its Response brief, it does not prosecute offenses and would therefore not have custody, control, or possession of any such disposition. The Court will therefore deny the motion to compel to the extent it seeks this information.

Finally, Interrogatory No. 4 asks Defendant to "identify any person whom Charlotte-Mecklenburg police officers have warned, advised, and/or prohibited from engaging in expressive activity within 150 feet of the property line of any entity that does not perform abortions since 2019, providing the date of the warning/advisement and/or prohibition, the

4

Case 3:20-cv-00459-GCM   Document 84   Filed 12/08/22   Page 4 of 5

activity warned/advised about and/or prohibited, the basis for the warning, advice, and/or prohibition, and the result." (Doc. No. 79-2, 3-4). Plaintiff contends that only pro-life speakers have been arrested, cited, or warned for violating the ordinance. The Court finds that the phrase "engaging in expressive activity" is too vague and would render this Interrogatory overly broad. If Plaintiff narrowed the Interrogatory to those persons warned, advised, and/or prohibited from violating the noise ordinance and also removed the request for information as to the "result," for reasons stated above, the Court would compel such disclosure. The Court notes, however, that such request overlaps the information sought in Interrogatory No. 4.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is hereby DENIED as to Requests for Production Nos. 3-5, 7, and 8; GRANTED as to Request No. 6, and conditionally GRANTED as to Request Nos. 2 and 14, and Interrogatories Nos. 3 and 4 if Plaintiff narrows his requests as stated by the Court herein.

Signed: December 8, 2022

Graham C. Mullen
United States District Judge

5