IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.: 3:20-CV-459

| | |
|---|---|
| PHILIP BENHAM,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTE,<br><br>    Defendant. | **CONSENT JUDGMENT RESOLVING REMAINING CLAIMS** |

**THIS MATTER IS BEFORE THE COURT** by consent of the parties. Final resolution of this matter has been settled by and between Plaintiff Phillip Benham (Benham) and the City of Charlotte (Charlotte) regarding the remaining claims in this action, specifically, as-applied challenges to § 15-61 of the City of Charlotte's Code of Ordinances, as amended June 24, 2019 (Doc. 51-2). Section 15-61 prohibits the production of amplified sound within a 150-foot buffer zone that the ordinance creates around certain types of development, including "health care facilities" as that term is defined by the ordinance. Benham challenges various ways the City has applied the ordinance.

Earlier in this litigation, the parties came to agreement on a Consent Order on Portion of Plaintiff's Motion for Preliminary Injunction (Doc. 26), which was entered by the Court on February 12, 2021. The parties desire to convert this order into a final Consent Judgment, with some modifications. They also wish to resolve their remaining disputes by Consent Judgment. To that end, the parties have agreed on terms that will govern the City's future enforcement of § 15-61 as to individuals

engaging in protected speech near the abortion clinics in Charlotte, incorporated into this Consent Judgment to provide for possible Court enforcement of those terms in the future, if necessary.

This Consent Judgment does not create any private rights of action for any party, including the Plaintiff, that do not otherwise exist under federal or state law. Nor does this Consent Judgment create any right or entitlement for Plaintiff or any other individual or entity to affirmatively demand a certain enforcement action against any third party, nor does it confer any special privileges or immunity from lawful ordinance enforcement as to Plaintiff.

Further, in entering this Consent Judgment, the Court is mindful of the principles of federalism underlying the claims at bar as it pertains to legislative bodies governed by state law. The Court takes judicial notice that, under North Carolina law, municipal corporations are granted various legislative authority by the General Assembly of the State of North Carolina. Accordingly, this Consent Judgment does not purport to abrogate, limit, or preclude the City Council of the City of Charlotte from exercising its legislative authority now or in the future, nor of course, does it purport to abrogate, limit, or preclude the legislative authority of the General Assembly of the State of North Carolina now or in the future. This Consent Judgment is exclusively issued, by consent of the parties, to settle claims relating to the as-applied enforceability of § 15-61.

In accordance with the parties' agreement, no party may invoke this Consent Order as a basis for seeking an award of attorneys' fees or costs under 42 U.S.C.

§ 1988 or any other fee-shifting or cost-shifting statute under either federal or state law.

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1. Under § 15-61, the prohibition against producing amplified sound within a health care facility's 150-foot buffer applies to privately-owned property, including property owned by the health care facility, in addition to publicly-owned property;

2. Under § 15-61, the intentional use of noise makers, such as drums, vuvuzela horns, cowbells, kazoos, metal objects, or any other object to produce unreasonably loud noise within a health care facility's 150-foot buffer is prohibited;

3. "To produce amplified sound" within 150 feet of a "health care facility," or other listed developments, as those terms are used in § 15-61, does not prohibit a person from speaking through the use of non-electronic plastic or paper cones or manilla folders;

4. "Health care facility," as that term is used in § 15-61(b)(3), does not include the building with the address of 3228 Latrobe Drive as configured and used as of this date; and

5. This Court retains jurisdiction of this case solely to enforce the terms of this Consent Judgment.

IT IS SO ORDERED.

Signed: May 3, 2023

Graham C. Mullen
United States District Judge

WE HEREBY CONSENT TO ENTRY OF THE ABOVE ORDER:

*/s/ Nathan W. Kellum*
Nathan W. Kellum*
TN BAR #13482; MS BAR # 8813
Center For Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
Telephone: (901) 684-5485
Facsimile: (901) 684-5499
Email: nkellum@crelaw.org

Attorney for Plaintiff Philip Benham
*Admitted *pro hac vice*

*/s/ Steve Crampton*
Steve Crampton*
Mississippi Bar No. 9952
Thomas More Society
309 W. Washington Street, Suite 1250
Chicago, IL 60606
Telephone: (312) 782-1680
Facsimile: (312) 782-1887
Email:scrampton@thomasmoresociety.org

Attorney for Plaintiff Philip Benham
*Admitted pro hac vice

*/s/ David G. Redding*
David G. Redding
North Carolina Bar No. 24476
REDDING JONES, PLLC
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
Tel. & Fax: (704) 900-2215
Email: dredding@reddingjones.com

Attorneys for Plaintiff

*/s/ Daniel E. Peterson*
Daniel E. Peterson
N.C. State Bar No. 41251
PARKER POE ADAMS &
BERNSTEIN LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: danielpeterson@parkerpoe.com

Counsel for Defendants